**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **BENCHMARK ELECTRONICS, INC.,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-19-242 |
| | * | |
| **NICK MYERS,** | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Benchmark Electronics, Inc. brought this action pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, to vacate a final arbitration award in favor of Defendant Nick Myers. ECF No. 1. Defendant has filed a Motion to Dismiss, ECF No. 6, and a Motion to Confirm Arbitration Award, ECF No. 7. Plaintiff opposed those motions and filed a Cross-Motion for Summary Judgment. ECF No. 14. Also pending are Defendant's Motion to Seal Exhibits to his Motion to Confirm Arbitration Award, ECF No. 8, Motion to Strike Plaintiff's Cross-Motion for Summary Judgment, ECF No. 20, and Motion to Seal Exhibits to Reply in Support of the Motion to Strike, ECF No. 26, and Plaintiff's Motion to File Under Seal Exhibits to Cross-Motion for Summary Judgment, ECF No. 16.[1] No hearing is necessary to resolve the pending motions. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons,

---

[1] There are two additional motions pending before the Court. The first is Defendant's Motion for Leave to File Surreply to Plaintiff's Motion for Extension of Time to File Response to Defendant's Motion to Dismiss, filed on April 16, 2019. ECF No. 12. The Court granted Plaintiff's Motion for Extension of Time to File Response to Defendant's Motion to Dismiss on April 22, 2019, so Plaintiff's Motion for Leave to File Surreply will be denied as moot. The second motion is Defendant's Motion for Extension of Time to File Reply in Support of Motion to Confirm Arbitration Award, filed on May 10, 2019. ECF No. 17. Defendant filed his Reply in Support of his Motion to Confirm Arbitration Award just seven days later on May 17, 2019, ECF No. 22, so in the interest of resolving disputes on the merits, the Court will grant Defendant's Motion for Extension of Time.

1

Defendant's Motion to Dismiss is denied, Defendant's Motion to Confirm Arbitration Award is granted, and Plaintiff's Cross-Motion for Summary Judgment is denied. Defendant's Motion to Strike Plaintiff's Cross-Motion for Summary Judgment is denied, and the various sealing motions are denied.

I.     **BACKGROUND**

    **A. Factual Background**

On September 21, 2016, Defendant Nick Myers accepted a position as Segment Vice President, Defense with Plaintiff Benchmark Electronics, Inc. ECF No. 15 at 62.[2] The offer letter stated that Defendant's base salary would be $220,000 and he would receive $80,000 in restricted stock options. ECF No. 15 at 61. The offer letter also described two bonus plans for which Defendant would be eligible. The Sector Vice President Business Development Initiative Plan ("Sector Vice President bonus plan") would provide, based on meeting a sector bookings target, a bonus potential of 50% of the base salary, and the Long-Term Incentive Plan ("LTIP") would provide a bonus potential of 40% of the base salary, with vesting requirements. *Id.* By accepting the position with Plaintiff, Defendant forfeited certain compensation benefits from his previous employer, BAE Systems, where he was Vice President of Business Development and Strategy. ECF No. 8-2 at 2.

In addition to the offer letter, Defendant signed a Confidential Information, Proprietary Rights and Arbitration Agreement ("Agreement"). ECF No. 7-4. The Agreement provided that the parties would resolve any disputes or claims arising from, concerning, or relating to the employment relationship through final and binding arbitration. *Id.* The Agreement also contained provisions stating that the parties were "giving up their normal rights of appeal following the

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

rendering of a decision except as applicable law provides for judicial review of arbitration proceedings," and that "[a]ll information regarding the dispute or claim or mediation or arbitration proceedings, including the mediation or arbitration award, will not be disclosed by [the parties] or any mediator or arbitrator to any third party without the written consent of [the parties] or unless otherwise permitted or required by applicable law, as determined by the arbitrator." *Id.*

After Defendant officially began his employment with Plaintiff in October 2016, it became apparent that the Sector Vice President bonus plan was still in development and did not yet exist. ECF No. 8-2 at 14–18. Plaintiff also provided misinformation regarding how the sector bookings target would be measured for the purpose of calculating Defendant's 2016 bonus and whether the 2016 bonus would even be based on sector bookings, as was stated in the offer letter, or whether it would be based on corporate performance instead. ECF No. 8-2 at 18–21. On February 18, 2017, Defendant submitted his resignation because he felt Plaintiff could not be trusted, and he eventually accepted a position with his old employer, BAE Systems, at a reduced salary and with a less generous compensation package than the one he had prior to departing. ECF No. 8-3 at 6–7. Plaintiff never paid Defendant his 2016 bonus because he resigned before the vesting period was complete. ECF No. 8-2 at 21–22.

On September 25, 2017, pursuant to the parties' Agreement, Defendant filed an arbitration demand against Plaintiff before the American Arbitration Association ("AAA"). ECF No. 8-4. He asserted claims for breach of contract, intentional misrepresentation, negligent misrepresentation, and violation of the Maryland Wage Payment and Collection Law ("MWPCL"), MD. CODE ANN., LAB. & EMPL. § 3-501 *et seq.* based on Plaintiff "intentionally inducing [him] to resign from his position as Vice President Business Development and Strategy

3

at BAE with promises that his acceptance of a position at [Plaintiff] would enable [him] to earn much higher compensation package than his prior employment if his Sector met certain objectives. [Plaintiff] refused to compensate [him] after meeting the targeted objectives." ECF No. 8-4 at 2–3.

Dr. Andrée Y. McKissick (the "Arbitrator") presided over a bifurcated arbitration proceeding; she issued a liability award on July 9, 2018 and a damages award on January 3, 2019. ECF Nos. 8-2, 8-3. In the liability award, the Arbitrator found that Plaintiff had committed intentional misrepresentation, negligent misrepresentation, and breach of contract and had violated the MWPCL. ECF No. 8-2 at 24. Specifically, she found that Plaintiff had made contradictory and false representations about the existence of the Sector Vice President bonus plan and the basis for Defendant's 2016 bonus, Plaintiff had breached its contract with Defendant with respect to the calculation of his 2016 bonus, and, under the MWPCL, Plaintiff owed Defendant his 2016 bonus notwithstanding his 2017 resignation. *Id.* at 15, 16, 21, 22.

The Arbitrator separately awarded Defendant a total of $1,383,736.15 in damages. ECF No. 8-3 at 16. First, she awarded compensatory damages of $660,047.00 based on the difference between Defendant's BAE Systems compensation package prior to leaving for Benchmark and his compensation package when he returned to BAE Systems. *Id.* The Arbitrator determined that Defendant was entitled to these compensatory damages because, "much akin to constructive discharge in analysis," Plaintiff's intentional misrepresentation, negligent misrepresentation, breach of contract, and violation of MWPCL caused Defendant to lose trust in the company. *Id.* at 9–10. "This was emotionally undermining for him, notwithstanding the higher amount of income that was offered but contradicted verbal assertions. Applying this standard to any claimant who was defrauded through concealment and misrepresentation as well as the usage of

4

falsehood, that claimant would not choose to stay with such a company. Thus, the reasonable person would choose to cut his economic losses and leave this employment." *Id.* at 10.

In addition to compensatory damages, the Arbitrator awarded punitive damages of $660,047.00, as well as treble damages of $63,642.15 under the MWPCL based on the bonus Defendant should have received for the work he performed for Plaintiff in 2016. *Id.* at 16. She declined to award attorney fees or prejudgment interest. *Id.* On February 6, 2019, the Arbitrator also declined Defendant's request for post-judgment interest. ECF No. 15-5.

### B. Procedural Background

On January 25, 2019, Plaintiff filed a Complaint to Vacate Final Arbitration Award ("Complaint") in this Court with respect to the damages award. ECF No. 1. On April 8, 2019, Defendant filed a Motion to Dismiss, ECF No. 6, and a Motion to Confirm Arbitration Award, ECF No. 7. On May 3, 2019, Plaintiff filed an opposition to Defendant's Motion to Dismiss, ECF No. 13, and a consolidated Cross-Motion for Summary Judgment and Opposition to Defendant's Motion to Confirm Arbitration Award ("Plaintiff's Cross-Motion for Summary Judgment"), ECF No. 14. On May 17, 2019, Defendant filed a Motion to Strike Plaintiff's Cross-Motion for Summary Judgment ("Motion to Strike"), ECF No. 20, and a consolidated opposition to Plaintiff's Cross-Motion for Summary Judgment and reply in support of his Motion to Confirm Arbitration Award, ECF No. 22. On May 31, 2019, Plaintiff filed a reply in support of its Cross-Motion for Summary Judgment, ECF No. 23, and an opposition to Defendant's Motion to Strike, ECF No. 24. Defendant filed a reply in support of his Motion to Strike on June 7, 2019. ECF No. 25.

The parties have also filed several sealing motions. Defendant filed a Motion to Seal Exhibits to his Motion to Confirm Arbitration Award ("Defendant's First Motion to Seal") on

April 8, 2019. ECF No. 8. Following Defendant's lead, Plaintiff filed a Motion to Seal Exhibits to its Cross-Motion for Summary Judgment on May 3, 2019. ECF No. 16. On June 7, 2019, Defendant filed a Motion to Seal Exhibits to his reply brief in support of his Motion to Strike ("Defendant's Second Motion to Seal"). ECF No. 26. The sealing motions are unopposed.

## II. DEFENDANT'S MOTION TO DISMISS

Defendant contends that Plaintiff's Complaint must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because the case was filed in violation of the Agreement's confidentiality clause, is prohibited by the defense of arbitration and award, fails to comply with the FAA, is untimely, and fails to include any legal authority.

### A. Legal Standard

Defendant contends that the Court lacks subject-matter jurisdiction, and the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). When a defendant challenges subject-matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

Defendant also moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) permits a defendant to present a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss invoking 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678; *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### B. Discussion

Defendant first contends that the Complaint must be dismissed because the Court lacks subject-matter jurisdiction as a result of the Agreement's confidentiality clause, which prohibits the parties from disclosing any information regarding arbitration proceedings "without the written consent of [the parties] or unless otherwise permitted or required by applicable law, as determined by the arbitrator." ECF No. 7-4. This argument lacks merit because the Agreement

7

also preserved the parties' statutory right to judicial review of arbitration proceedings, *see* ECF No. 7-4, and Defendant has provided no authority to support the notion that a confidentiality provision in a private contract bars either party from exercising a statutory right to vacate or enforce a final arbitration award. Thus, the Court rejects Defendant's subject-matter jurisdiction argument.

Defendant also contends that the Complaint must be dismissed based on the affirmative defense of arbitration and award because Plaintiff is impermissibly attempting to re-litigate claims that were already the subject of a binding arbitration. It is true that the defense of arbitration and award "requires dismissal of claims that were previously the subject of arbitrations that result in a decision or award." *W. Md. Wireless Connection v. Zini*, 601 F. Supp. 2d 634, 644 (D. Md. 2009). But Plaintiff is not attempting to re-litigate the claims that were resolved by the Arbitrator; rather, it is attempting to exercise its statutory right to request that a district court vacate the arbitration award. Thus, the Court rejects Defendant's arbitration and award defense.

Defendant next contends that the Complaint must be dismissed because Plaintiff did not submit a timely motion to vacate the Arbitrator's liability decision. The FAA requires that a party challenging an arbitration award serve notice on the adverse party "within three months after the award is filed or delivered." 9 U.S.C. § 12. This three-month period does not begin until the arbitrator issues her *final* award. *See Peabody Holding Co., LLC v. United Mine Workers of Am., Int'l Union, Uninc. Assoc.*, 815 F.3d 154, 160 (4th Cir. 2016) ("[W]hen a labor arbitrator first decides liability questions and reserves jurisdiction to decide remedial questions at a later time, as appears to be quite common, a federal court should generally withhold review of the arbitrator's liability decision until the arbitrator has had the opportunity to rule on the remedial

8

questions as well." (internal citation omitted)). Here, the Arbitrator issued her liability award on July 9, 2018 and her damages award on January 3, 2019. Plaintiff filed its Complaint on January 25, 2019, well within the three-month period that was triggered when the Arbitrator issued her final award on January 3, 2019. Thus, the Court rejects Defendant's timeliness argument.

Defendant also contends that the Complaint must be dismissed because Plaintiff failed to comply with the FAA requirement that parties challenge an arbitration decision by way of a motion. Although the FAA provides that the sole method for challenging an arbitration award is by serving a motion to vacate within three months of the final award and does not expressly permit a party to initiate a challenge to an arbitration award by filing a complaint, a court may construe a complaint challenging an arbitration decision as a motion to vacate when doing so would not prejudice the opposing party. *See ANR Coal Co. v. Cogentrix of N. Carolina, Inc.*, 173 F.3d 493, 496 n.1 (4th Cir. 1999). Here, the only prejudice that Defendant identifies is that Plaintiff failed to submit any evidentiary support with the Complaint. ECF No. 6-1 at 10. Both parties, however, have now filed cross-motions for summary judgement, which appears to be the typical mechanism by which requests to vacate an arbitration award are resolved. *See, e.g.*, *Frontier Commc'ns of the Carolinas, LLC v. Int'l Bhd. of Elec. Workers, Local 1431*, Case No. 4:14–367–BHH, 2015 WL 3712004 (D.S.C. June 15, 2015) (resolving cross-motions for summary judgments filed after plaintiff filed a complaint asking the court to vacate an arbitration award); *Parkland Envtl. Grp., Inc. v. Laborers' Int'l Union of N. Am., Laborers' Local #477*, Case No. 06–3238, 2009 WL 2051207, at *3 (C.D. Ill. July 8, 2009) (noting that the complaint "clearly sought to vacate the award" and resolving competing requests to vacate and confirm the award on cross-motions for summary judgment); *CACI Premier Tech., Inc. v. Faraci*, 464 F. Supp. 2d 527 (E.D. Va. 2006) (resolving request to vacate arbitration award on cross-motions for

summary judgment). The cross-motions have provided a full record upon which the Court can resolve Plaintiff's request to vacate the arbitration award, so there is no prejudice to Defendant as a result of Plaintiff filing the Complaint without evidentiary support before filing a motion to vacate. The Court sees no reason to "elevate form over substance" by dismissing Plaintiff's request to vacate based on the labeling of the action, *see ANR Coal Co.*, 173 F.3d at 496 n.1, and will reject Defendant's argument that Plaintiff failed to comply with the FAA's filing requirements.

Finally, Defendant contends that the Complaint must be dismissed because it contains no legal authority to support vacating the arbitration award. When considering a motion filed pursuant to Rule 12(b)(6), however, the Court's role is not to determine whether a party has proven its case; rather, the Court's role is simply to determine whether the party has stated a claim for which relief can be granted. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The Complaint asserts that the Arbitrator exceeded her legal authority and manifestly disregarded the law in her arbitration award, both of which are recognized grounds in the Fourth Circuit for vacating an arbitration award, *see Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006), so the Complaint has stated a claim for which relief can be granted. Thus, the Court will deny Defendant's Motion to Dismiss.

## III. DEFENDANT'S MOTION TO STRIKE

Defendant next contends that the Court must strike Plaintiff's Cross-Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 12(f) because it is untimely. Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter … (1) on its own; or (2) on a motion made by a party … before responding to the pleading." Even assuming Rule 12(f) is a proper vehicle for

striking a cross-motion for summary judgment or opposition to a cross-motion for summary judgment, there are no grounds for striking Plaintiff's Cross-Motion for Summary Judgment as untimely. As the Court has already explained, Plaintiff's Complaint was timely filed, and it is of no moment that Plaintiff waited to file its Cross-Motion until after filing the Complaint. Thus, the Court will deny Defendant's Motion to Strike.

## IV. CROSS-MOTIONS FOR SUMMARY JUDGMENT

### A. Legal Standard

The parties have filed cross-motions for summary judgment,[3] with Plaintiff seeking to vacate the arbitration award, and Defendant asking the Court to confirm the arbitration award. Under the FAA, a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration …" 9 U.S.C. § 9. The Court must confirm the award unless it vacates, modifies, or corrects the award under 9 U.S.C. §§ 10 or 11. *Id.* "Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law." *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998). The situations permitting a court to vacate an arbitration award are found at 9 U.S.C. § 10(a), which provides:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in

---

[3] Defendant's motion is styled as a Motion to Confirm the Arbitration Award.

> refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

"The exceptions to confirmation of awards are strictly limited to avoid frustrating the fundamental purpose of arbitration, *i.e.*, quick dispute resolution and avoidance of the expense and delay of court proceedings." *Jih v. Long & Foster Real Estate, Inc.*, 800 F. Supp. 312, 317 (D. Md. 1992) (citations omitted). In essence, the Court's role in reviewing an arbitrator's decision is "to determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it." *Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012) (citations and internal quotation marks omitted). "The party moving to vacate the award bears the burden of proof, and the showing required to avoid summary confirmation is high." *Jih*, 800 F. Supp. at 317 (citation and internal quotation marks omitted).

### B. Discussion

Plaintiff's primary argument is that the Arbitrator's purported reliance on a theory of constructive discharge to support the damages award demonstrated a manifest disregard for the law. Specifically, Plaintiff claims that the Arbitrator's compensatory damages award—calculated based on the difference in compensation between the position Defendant held prior to his employment at Benchmark and the position he held after he resigned from Benchmark—could only have been reached if there was a finding of constructive discharge. Because Defendant did not pursue a theory of constructive discharge, Plaintiff contends that the Arbitrator exceeded her legal authority and manifestly disregarded the law by making that finding. Plaintiff's argument fails.

12

First, the Arbitrator did not make any finding of constructive discharge at the liability stage. Her liability award did not mention constructive discharge, and she only made findings of liability on the claims submitted for arbitration: intentional misrepresentation, negligent misrepresentation, breach of contract, and violation of the MWPCL. ECF No. 8-2.

The damages award similarly contained no finding of constructive discharge. As with any tort or contract claim, Defendant was only entitled to damages that were proximately caused by Plaintiff's wrongful acts. *See Munday v. Waste Mgmt. of N. Am., Inc.*, 997 F. Supp. 681, 685 (D. Md. 1998); *Empire Realty Co. v. Fleisher*, 269 Md. 278, 284 (1973). The portion of the award to which Plaintiff objects appears to make the point that the proximate causation portion of the damages inquiry is "akin to constructive discharge *in analysis*." ECF No. 8-3 at 9 (emphasis added). So, by applying a similar analysis to the facts at hand, Defendant could establish causation and recover compensatory damages for Plaintiff's intentional misrepresentation, negligent misrepresentation, and breach of contract if a reasonable claimant who had similarly been "defrauded through concealment and misrepresentation as well as the usage of falsehood" would have felt compelled to resign just as Defendant did. *See id.* at 10. The Arbitrator answered that query in the affirmative.

An arbitration decision may be vacated for manifest disregard of law when "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrator refused to heed that legal principle." *Wachovia Sec.*, 671 F.3d at 481 (internal punctuation and quotations omitted). It is certainly "clearly defined" that claimants may only collect damages that are proximately caused by a defendant's wrongful conduct. *See Munday*, 997 F. Supp. at 685 (stating that a non-breaching party is entitled to compensatory damages that are the proximate consequence of the breach of contract); *Empire Realty Co.*, 269 Md. at 284

(stating that a party suing for fraud or deceit may only recover damages that are the proximate consequence of the party's reliance on a fraudulent act). The nature of the proximate cause inquiry, however, is *not* a "clearly defined" legal principle in the sense that reasonable minds can certainly differ on whether it exists under a given set of circumstances, including those at issue here. *See Wachovia Sec.*, 671 F.3d at 483 (stating that a legal principle was not clearly defined where it was "certainly subject to debate").[4] Because Plaintiff has not identified any clearly defined law governing the relationship between proximate causation and the concept of constructive discharge in the context of a fraud-based employment case, the Arbitrator cannot be said to have manifestly disregarded the law by merely analogizing the constructive discharge analysis in her determination that Plaintiff's breach of contract and tortious conduct proximately caused Defendant's injuries.[5] Plaintiff has therefore not satisfied its burden to vacate the Arbitrator's award, so the Court will deny Plaintiff's Cross-Motion for Summary Judgment.

Because the Court will not vacate the arbitration award, it must confirm it. *See* 9 U.S.C. § 9.[6] Thus, Defendant's Motion to Confirm Arbitration Award is granted.

---

[4] Plaintiff primarily relies on *EEOC v. Bloomberg*, 29 F. Supp. 3d 334 (S.D.N.Y. 2014) and *EEOC v. Cmty. Unit School Dist. No. 9, Madison Cty., Ill.*, 642 F. Supp. 902 (S.D. Ill. 1986). These cases are inapposite because *Bloomberg* was a pregnancy discrimination case that actually involved a constructive discharge claim and *Cmty. Unit School Dist. No. 9* involved statutory claims under the ADEA, not common law tort and contract claims. Plaintiff has not explained why case law interpreting damages and mitigation requirements under employment discrimination statutes applies to damages calculations for Maryland common law claims.

[5] To the extent Plaintiff objects to the outcome of the Arbitrator's proximate cause analysis, on a motion to vacate an arbitration award, it is not the court's job to conduct the proximate causation analysis in the first instance or even to determine whether the arbitrator conducted that analysis correctly; rather, the court must only determine whether the arbitrator refused to heed a clearly defined legal principle. *See Wachovia Sec.*, 671 F.3d at 478 (stating that the reviewing court's role is "to determine whether arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it"); *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 861 (4th Cir. 2010) ("We have held as a matter of law that 'neither misinterpretation of a contract nor an error of law constitutes a ground on which an award can be vacated.'" (quoting *Apex Plumbing Supply*, 142 F.3d at 193–94)).

[6] The Court will decline, however, to order post-judgment interest. The Arbitrator already expressly denied Defendant's request for post-judgment interest and Defendant has not put forward any grounds for modifying the Arbitrator's decision in that respect.

V.      **MOTIONS TO SEAL**

Defendant requests that the Court seal various documents that are attached as exhibits to his Motion to Confirm Arbitration Award and his Motion to Strike, including the Arbitrator's liability award, ECF No. 8-2, the Arbitrator's damages award, ECF No. 8-3, the original arbitration demand he filed with the AAA, ECF No. 8-4, and the transcript of part of the damages hearing, ECF No. 26-2. He contends that these documents should be sealed because they contain information about his employment and financial history and the dispute between the parties. He contends further that the confidentiality clause in the parties' Agreement protects him from public disclosure of this private information, Plaintiff violated that clause by filing this action, and Defendant's only recourse when Plaintiff refused to honor the arbitration award was also to pursue his claims in this Court. Finally, Defendant contends that "[r]edaction would not effectively resolve the matters because the documents are replete with references to [Defendant's] employment and finances." ECF No. 8-1 at 2. Plaintiff has also filed a motion requesting that the Court seal all exhibits attached to its Cross-Motion for Summary Judgment, but it states that it does not believe this case warrants sealing of any documents, and only filed its motion "out of an abundance of caution" because the Court had not yet ruled on Defendant's requests to seal. ECF No. 16 at 1.

Under Local Rule 105.11, "[a]ny motion seeking the sealing of … motions, exhibits[,] or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." These are strict requirements and not simply formalities.

15

The common law "presumes a right of the public to inspect and copy all judicial records and documents." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (internal quotation marks and citation omitted). The common law right of access can only be abrogated where "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The common law right of access is buttressed by a "more rigorous" right of access provided by the First Amendment, which applies to a narrower class of documents, but is more demanding of public disclosure. *Rushford*, 846 F.2d at 253. The narrow class of documents to which the First Amendment right of access applies includes documents "made part of a dispositive motion" in a civil case. *Va. Dep't of State Police*, 386 F.3d at 576 (citing *Rushford*, 846 F.2d at 253). If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citation omitted).

To seal an entire document there must be no less restrictive measures, such as filing a redacted version of the document, available. *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011); *In re Search of 8420 Ocean Gateway Easton, Maryland*, 353 F. Supp. 2d 577, 580 (D. Md. 2004). The interests that courts have found sufficiently compelling to justify sealing documents include "a defendant's right to a fair trial before an impartial jury," "protecting the privacy rights of trial participants such as victims or witnesses," and "risks to national security." *Doe v. Public Citizen*, 749 F.3d 246, 269 (4th Cir. 2014). Courts have also sealed certain "confidential, proprietary, commercial, or financial data" where the parties jointly agreed to sealing. *See Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004).

Here, Defendant has not provided a sufficiently compelling reason to justify sealing entire documents in the record. As the Court has already explained, the Agreement's confidentiality clause did not bar either party from coming to this Court to confirm or vacate an arbitration award, so the mere existence of the confidentiality clause is not a sufficient reason to seal any documents in the record. *Cf. Fonseka v. AlfredHouse ElderCase, Inc.*, Case No. GJH–14–3498, 2015 WL 3457224, at *2 (D. Md. May 28, 2015) ("The presence of a confidentiality provision is not itself a sufficient reason to seal a settlement agreement."). Moreover, although Defendant may be entitled to sealing of his private financial information, *see Pittston Co.*, 368 F.3d at 406, he has cited to no authority supporting his contention that information regarding his employment history and the dispute between the parties is similarly subject to sealing. Finally, short of stating that the documents are "replete with references" to Defendant's financial information, he has failed to adequately explain why redaction would not effectively protect this private information. This explanation is especially important in light of Defendant's request to seal documents that supported the parties' cross-motions for summary judgment. *See Va. Dep't of State Police*, 386 F.3d at 576 (stating that the more rigorous First Amendment standard for sealing should apply to documents filed in connection with a summary judgment motion). Thus, the Court will deny the motions to seal without prejudice.

## VI. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is denied, Defendant's Motion to Strike is denied, Plaintiff's Cross-Motion for Summary Judgment is denied, Defendant's Motion to Confirm Arbitration Award is granted, Defendant's First and Second Motions to Seal are denied, and Plaintiff's Motion to Seal is denied. A separate Order shall issue.

Date: <u>December   3, 2019</u>                    /s/                                      
GEORGE J. HAZEL
United States District Judge