IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **BENCHMARK ELECTRONICS, INC.,** * | |
| Plaintiff, * | |
| v. * | Case No.: GJH-19-242 |
| * | |
| **NICK MYERS,** * | |
| Defendant. * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Benchmark Electronics, Inc. brought this action pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, to vacate a final arbitration award in favor of Defendant Nick Myers. On December 3, 2019, the Court confirmed the arbitration award but denied a number of motions to seal materials the parties had filed. ECF Nos. 27, 28. Defendant now moves to replace several filings on the Court's public docket with redacted versions. ECF No. 29. Plaintiff has not filed a response. For the following reasons, Defendant's motion is denied.

**I.    BACKGROUND**

The Court reviewed the facts at issue in this case in its previous Memorandum Opinion, ECF No. 27 at 2–5, and restates them only in limited form here. In 2016, Defendant Nick Myers accepted a position as Segment Vice President, Defense with Plaintiff Benchmark Electronics, Inc. ECF No. 15 at 62.[1] After Defendant began his employment, it became apparent that Plaintiff had provided misinformation regarding his compensation. *Id.* at 61. On February 18, 2017, Defendant resigned from his position with Plaintiff and accepted a position with his prior

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

employer, though with a less generous compensation package than he had before departing. ECF No. 8-3 at 6–7.

On September 25, 2017, consistent with the terms of an employment agreement he had signed with Plaintiff, Defendant filed an arbitration demand against Plaintiff before the American Arbitration Association, asserting various claims relating to his employment including breach of contract, intentional misrepresentation, negligent misrepresentation, and violation of the Maryland Wage Payment and Collection Law. ECF No. 8-4 at 2–3. The arbitrator issued a liability award in Defendant's favor on July 9, 2018 and a damages award on January 3, 2019. ECF No. 8-2; ECF No. 8-3 at 16.

On January 25, 2019, Plaintiff filed a Complaint to Vacate Final Arbitration Award in this Court with respect to the damages award. ECF No. 1. On April 8, 2019, Defendant filed a Motion to Dismiss, ECF No. 6, a Motion to Confirm Arbitration Award, ECF No. 7, and a Motion to Seal certain exhibits to his Motion to Confirm, ECF No. 8. On May 3, 2019, Plaintiff filed a Cross-Motion for Summary Judgment and Opposition to Defendant's Motion to Confirm Arbitration Award, ECF No. 14, and a Motion to File Under Seal certain of its own exhibits, ECF No. 16.

On May 17, 2019, Defendant filed a Motion to Strike Plaintiff's summary judgment motion, ECF No. 20, and an opposition to the motion and reply in support of his Motion to Confirm, ECF No. 22. On May 31, 2019, Plaintiff filed a reply in support of its summary judgment motion, ECF No. 23, and an opposition to Defendant's Motion to Strike, ECF No. 24. Defendant filed a reply in support of his Motion to Strike on June 7, 2019, ECF No. 25, accompanied by a Motion to Seal exhibits to his reply brief, ECF No. 26. None of the Motions to Seal were opposed.

On December 3, 2019, the Court issued a Memorandum Opinion and an Order finding in Defendant's favor with respect to each of the substantive motions but denying each of the sealing motions. ECF No. 27 at 14, 17–18; ECF No. 28. Defendant had made three primary arguments in support of sealing: that the subject documents contained information about his employment and financial history and the parties' dispute; that by filing this action, Plaintiff had violated a confidentiality clause in Defendant's employment agreement protecting him from public disclosure of that information; and that redaction would not effectively address his concerns because the documents were replete with references to his employment and finances. ECF No. 27 at 15 (citing ECF No. 8-1 at 2). Plaintiff, for its part, had filed its motion to seal only "out of an abundance of caution" because Defendant's motion remained pending, despite Plaintiff's belief that sealing was unnecessary. *Id.* (citing ECF No. 16 at 1).

The Court denied the sealing motions because Defendant "[did] not provide[] a sufficiently compelling reason to justify sealing entire documents in the record." *Id.* at 17. The Court reasoned that because the employment agreement's confidentiality clause "did not bar either party from coming to this Court to confirm or vacate an arbitration award . . . the mere existence of the confidentiality clause is not a sufficient reason to seal any documents in the record." *Id.* The Court also observed that Defendant "cited to no authority supporting his contention that information regarding his employment history and the dispute between the parties is similarly subject to sealing." *Id.* Defendant had also "failed to adequately explain why redaction would not effectively protect [his] private information." *Id.*

On January 2, 2020, Defendant filed a Motion to Redact the Record, invoking this district's Local Rule 105.11. ECF No. 29. Defendant attached eleven exhibits of redacted documents: the arbitration awards, ECF Nos. 29-2, 29-3, his Demand for Arbitration and

Complaint, ECF No. 29-4, Plaintiff's Opposition to the Motion to Confirm and Cross-Motion for Summary Judgment and four of its exhibits, ECF Nos. 29-5, 29-6, 29-7, 29-8, 29-10, an exhibit to Defendant's Motion to Strike, ECF No. 29-9, Plaintiff's Reply in support of its summary judgment motion, ECF No. 29-11, and the Court's Memorandum Opinion, ECF No. 29-12. Plaintiff has not filed a response.

## II.  DISCUSSION

Federal Rule of Civil Procedure 5.2(a) requires redaction of an individual's full "social-security number and taxpayer-identification number," birth date, name if the individual is known to be a minor, and "financial-account number." Rule 5.2(e) enables the court to order, "[f]or good cause," redaction of additional material beyond the categories of information enumerated in Rule 5.2(a). Additionally, under the Local Rules of this judicial district, a party seeking to seal pleadings, motions, exhibits, or other documents must provide "reasons supported by specific factual representations to justify the sealing." Loc. R. 105.11 (D. Md.). "These are strict requirements and not simply formalities." *Fonseka v. AlfredHouse ElderCare, Inc.*, No. GJH-14-3498, 2015 WL 3457224, at *1 (D. Md. May 28, 2015).

Defendant invoked Local Rule 105.11 in support of his previous Motions to Seal and does so again in the pending redaction motion. That rule, however, does not expressly contemplate motions that seek to replace now-public filings with redacted versions. Each of the filings at issue here, including the Court's Memorandum Opinion, was available on the public docket for this case for approximately one month before Defendant filed his redaction motion. However, at least one decision in this district has evaluated a request to redact filings currently available on the public docket by applying both the good cause standard of Rule 5.2(e) and the "specific factual representations" requirement of Local Rule 105.11.

In *Reaves v. Jewell*, Judge Chasanow of this Court granted a *pro se* police officer plaintiff's unopposed motion to redact his Complaint and accompanying exhibits to remove from public view his home address, personal email address, and phone number. No. DKC-14-2245, 2014 WL 6698717, at *2 (D. Md. Nov. 26, 2014). Judge Chasanow concluded that the plaintiff's motion was "in essence a motion to seal," that protecting the officer's safety and preventing harassment constituted "good cause" under Rule 5.2(e), and that the plaintiff had offered adequate reasons to justify the removal of the documents under Local Rule 105.11. *Id.* Judge Chasanow accordingly ordered the Clerk of the Court to seal the filings at issue and replace them with redacted versions the plaintiff submitted. *See id.*

The Court will construe Defendant's Motion here in the same manner as in *Reaves* because his citation of Local Rule 105.11 makes clear that his motion is "in essence" a motion to reconsider the Court's previous denial of his motions to seal. *Id.* The motion again seeks to prevent public access to the name of Defendant's previous employer, details of his compensation package at that company, the compensation package Plaintiff offered him, and other information regarding his dispute with Plaintiff. In its prior Memorandum Opinion, the Court found that "although Defendant may be entitled to sealing of his private financial information, he has cited to no authority supporting his contention that information regarding his employment history and the dispute between the parties is similarly subject to sealing." ECF No. 27 at 17.

As the Court also explained, the common law "presumes a right of the public to inspect and copy all judicial records and documents," *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), which can be overcome only where "countervailing interests heavily outweigh the public interests in access," *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Additionally, the First Amendment provides a right of access to

certain judicial records and documents that is stronger than the common law presumption and "yields only in the existence of a 'compelling governmental interest . . . [that is] narrowly tailored to serve that interest.'" *In re United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (alterations in original) (quoting *Va. Dep't of State Police*, 386 F.3d at 575).

The narrow class of records to which the First Amendment right of access applies includes documents "made part of a dispositive motion" in a civil case. *Va. Dep't of State Police*, 386 F.3d at 576 (citing *Rushford*, 846 F.2d at 253). It accordingly extends to summary judgment motions and accompanying materials, as well as to judicial decisions adjudicating summary judgment motions. *Doe v. Public Citizen*, 749 F.3d 246, 268 (4th Cir. 2014). Some of the documents Defendant seeks to redact are therefore subject to the constitutional standard, including Plaintiff's summary judgment motion and exhibits, Plaintiff's Reply in support of the summary judgment motion, Defendant's motion to strike an exhibit to the summary judgment motion, and the Court's Memorandum Opinion. *See* ECF No. 29 at 1.

However, Defendant has pointed to no interests that heavily outweigh the public interests in access to judicial records, let alone a narrowly tailored government interest, to support retroactive redaction of these materials. With respect to information about his employment history and his dispute with Plaintiff, Defendant offers no new grounds or authority that the Court has not already rejected. The Court sees no cognizable basis for shielding this information from public view and therefore will not change course from its prior decision. With respect to the details of his financial compensation packages, Defendant now offers the decision by Judge Hollander of this Court in *Bureau of National Affairs v. Chase*, which stated that "exhibits that consist of medical and personal financial information . . . are properly the subject of sealing."

No. ELH-11-1641, 2012 WL 3065352, at *4 (D. Md. July 25, 2012) (citing *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011)).

As *Chase* explains, however, and as filings from the case confirm, the personal financial information at issue there consisted of Tax ID numbers, bank account numbers, and a bank statement. *Chase*, No. ELH-11-1641 (Jan. 9, 2012), ECF Nos. 18-10, 18-17. Redaction of the first two items is expressly required by Rule 5.2(a). And courts have repeatedly held that personal bank statements qualify for protection from public disclosure. *See, e.g.*, *Allstate Ins. Co. v. Warns*, No. CCB-11-1846, 2013 WL 6036694, at *9, *11 (D. Md. Nov. 12, 2013). The Court is unpersuaded that information about how Defendant was compensated by two companies falls into the same category of comprehensive personal financial materials meriting protection.

What appears to be the only substantive ground Defendant offers for redacting his compensation is that he seeks to protect "confidential financial and employment information." ECF No. 29-1 at 2. Defendant does not directly explain what the basis of this confidentiality claim is, but presumably he refers to the confidentiality clause in his employment agreement. As the Court has already explained, however, "the mere existence of the confidentiality clause is not a sufficient reason to seal any documents in the record." ECF No. 27 at 17 (citing *Fonseka*, 2015 WL 3457224, at *2). Further, as Judge Hollander noted in *Chase*, "[p]rivate parties are entitled to enter into confidential agreements, but the courts ordinarily are not party to such promises of confidentiality and no compelling governmental interest generally supports them." 2012 WL 3065352 at *3.

Accordingly, because Defendant has failed to set forth persuasive reasons for shielding the materials at issue from public disclosure, the Court finds that Defendant has not rebutted the common law presumption in favor of access to the filings, let alone the higher constitutional

threshold that applies to a subset of the materials. While the Court notes that the precise nature of the interaction between standards for access to judicial records, the "good cause" standard for redaction under Rule 5.2(e), and the standards prescribed by Local Rule 105.11 remains somewhat unclear, the Court easily concludes that Defendant has not shown redaction is warranted here. His Motion will therefore be denied.

### III. CONCLUSION

For the foregoing reasons, it is ordered by the United States District Court for the District of Maryland that Defendant's Motion to Redact the Record, ECF No. 29, is **DENIED**.

Date: <u>August 17, 2020</u>                            /s/_____
                                                                        GEORGE J. HAZEL
                                                                        United States District Judge